May it please the court, my name is Philip Cook. I'm here on behalf of Mr. Alvis and I wish to express a few thoughts about what happened to this man and why he needs your help. This is a man who had back surgery in 1994 and then had a repeat back surgery in 2006. He was working as a supervisor for AT&T. He went off in March of 2006 and the medical records that were supplied to the disability plan allowed them to put him on disability. However, because there was a hiatus in the period of time that they didn't have a medical record at the end of March, they told him his disability was going to be stopped because they didn't have medical evidence. Now, because they did that at that time and they sent him a letter and said he had to appeal, it was significant because what he did was provide them with the next doctor's report which said he was being recommended for a CT myelogram and they then reinstated his disability without requiring an appeal. He then went on after the CT myelogram to a surgery on June 21 of 2006 and that surgeon indicated he would be off work until the middle of October. However, as a result of that surgery, he did have improvement in some of his symptoms, but during the month of July when he went in and during the month of August when he tried to do physical therapy, he had to stop because the physical therapy increased his pain to a level that made it not tolerable. Now, that was the situation when the administrator, Mr. Roundtree, asked Mr. Alvis, please provide us with current medical indicating what your situation is. The doctor's note simply saying you're off work until October isn't going to do it for us. So, between August 22 and August 30, no medical records came from the doctor. So, Mr. Roundtree said we're going to terminate your disability. You have the right to appeal. We need medical evidence of your disability. Nothing in that letter indicated that the doctor note that they had from July or that the physical findings that the doctor had noted were not indication of disability. Nothing. It didn't say we'd find anything wrong with your evidence. It just simply says we don't have any further medical evidence. We need further medical evidence. You'll have to appeal. Mr. Alvis, as he had done in April, came back in with additional medical evidence. He came back in with his doctor's notes from his exam of August 22. He came back in with a physical exam that the doctor wrote up and submitted a report on. He came back in on AT&T's own disability form and filled it out and indicated the limitations that Mr. Alvis had. Now, in doing that, every time those additional medicals were submitted, all of Mr. Roundtree said the medical submitted has not changed our decision. You'll have to appeal. The reason Mr. Roundtree stopped giving disability was because he didn't have further medical evidence. He didn't say there was something wrong with it. But now he supplied additional medical evidence, just like he had in April. They reinstated him in April, but they didn't reinstate him in September, October, and so forth. So then Mr. Alvis came to me and said, Mr. Cook, I need you to help me with apparently an appeal. He filed the appeal, and we looked at the medical evidence, and all the medical evidence indicated exactly what I've recited, that he was unable to work, that the doctor that was his treater had seen him and evaluated him. There was nothing in the written denials saying that the reason that they were denying him was due to inadequate objective evidence or inadequate description of what was going on with the man. There was nothing to indicate that there was something wrong with his medical evidence except that it just hadn't been received by August 30th. No additional letter ever said there was anything wrong with his medical evidence. Now faced with that, when we were asked, do you want to submit any additional information, we saw no reason. They had said, we don't have additional medical evidence. We supplied the additional medical evidence. The only medical evidence that was before the administrator was that he was disabled. So why should we then suspect that they're going to deny him because they didn't like his medical evidence? There's no reason to suspect that. But that's what happened. They went out and got some reviewers who then went back and decided that the documented evidence that was in the doctor's file wasn't sufficient to establish a disability. So isn't that deciding the appeal on a different reason than why they decided him initially? And if they do that, isn't that wrong? Now the trial court in this case indicated that Mr. Roundtree attempted to engage in a dialogue, and he did. The record shows he made phone calls and so forth. But it doesn't say that, and it clearly is not shown in any record sent to Mr. Alvis, that there's something wrong with his medical evidence. It only says, we don't have your medical evidence as after August 22nd, and we will need medical evidence. And then he supplies additional medical evidence, including the disability form that indicates he can only sit, stand, et cetera, for a few minutes at a time. He cannot return to work, et cetera. And that's the record that he has before them. So when the district court says that Mr. Roundtree attempted to engage in a meaningful dialogue, the letter that he sends never takes issue with any of his medical evidence. None of them. And until we get the review. No, I thought that a problem here. Excuse me? I thought that a problem here was that he was supposed to keep updating, and he didn't. I thought a problem here was not that there was something wrong with the evidence so much as he had not updated. That's correct. The evidence in order to continue the benefit. Exactly. That's exactly what he thought. And so as soon as he provided what he got from his doctor, the additional evidence, he thought everything was going to be okay, as it had been in April. And then when he supplied the additional evidence, none of the letters that were sent ever said anything that that's not good enough. We're not saying we're questioning your medical evidence. You just have to do an appeal. The letter of September 13th, the letter of October 5th, and the letter of October 12th, they're all in the record at 133, 129, and 128. And the August letter is at 137 through 139. None of them say there's anything wrong with his medical evidence. And then he is denied on appeal because they say, well, your medical evidence isn't good enough. So I think they've taken away from him the opportunity to present whatever he needed to do to fix the problem. And since he didn't have that problem, the decision is wrong and the summary judgment should not have been granted and the case should be reversed. Thank you. Good morning. May it please the Court. I'm Susan Kumagai on behalf of the appellees. Appellant would like to start his case with the denial letter of August 30th in support of his argument that there was no meaningful dialogue in this case. However, under the abuse of discretion standard, the Court is informed by all of the facts and circumstances surrounding the claims procedure in this case. And that date is March of 2006 when appellant is sent by the plan a letter acknowledging his claim and also setting forth the responsibilities of both parties. And first and foremost is that he was responsible for submitting medical documentation to support a disability, showing that he was incapacitated from performing the essential functions of his position. He was notified that benefits cannot be authorized without his doctor substantiating his medical condition that meets the criteria under the plan for total disability. It also informed him that your medical condition should involve a sickness or injury supported by medical documentation that prevents you from performing the duties of your job. In addition to that, the appellant was given examples of what they expected, including charts, diagnostic testing, hospital summaries. And it also informed him that his doctor needed to demonstrate by observations and clinical findings that you are unable to perform your duties. On April 7, the plan sent appellant a letter informing him, and this is the letter, this is the first denial letter that appellant refers to. And in this letter he is informed we have not received your updated medical information. We will have to deny your benefits. And in that letter they explained to him again what they were looking for. They explained the appeal process to him. They also explained that he can request his file, and he would be given all of the documents upon which the denial is based. Up to that time, what did he submit? Up to that time, Your Honor, after the acknowledgment, actually, I'm sorry, Your Honor. After the April 7 letter, what he did was his doctor, Dr. Armstrong, submitted documentation showing that he could not bend, stand or sit, and that he was going to be referred to a CT myelogram, which he was, and thereafter he did have surgery on his back. Because of those sequences of events, his disability benefits were extended through August 27. And in the final approval letter, which went out, I believe it was July 23rd, he was informed that his benefits were approved through August 27, but that they needed updated medical information by August 22nd in order to get that time extended. What happens on August 22nd is the administrator gets a note from his doctor saying he needs to be off until October 15. The plan then sends the appellant a letter saying we need medical documentation to support your disability. They also call the appellant. The appellant asks him, please call my doctor. They call the doctor, and there's a discussion between the doctor and the doctor's assistant about what is needed. She says she understands, but they get no documentation thereafter. Even after these discussions and before the last denial letter is sent out, Mr. Roundtree is calling the appellant. He's calling the doctor. He's saying, look, we have no information. We need updated information. We need medical documentation to support the fact that he can't do his job duties. Nothing comes August 30th. The denial letter is sent out. And, yes, this denial letter is similar to the one that was sent out on April 7th. It describes that they have not received any other documentation to substantiate his disability. They state that the documentation that they have does not substantiate his disability. They explain what they are looking for, charts, diagnostic testing, hospital discharge summaries, expert opinions, and they also explain the appeal process. In response to this letter, they do not get the same responses they got in response to the April 7th letter. Instead, they get this progress note stating that his surgery was successful, there were no complications, his strength is good, he can bend his leg. There was nothing there to substantiate that he was unable to do his job and that he needed benefits through October 15th. During the appeal process, the plan retained medical, independent medical advisors. According to the advisors, the medical documentation did not substantiate a disability that incapacitated the appellant from doing his regular job duties. Based upon the record and based upon the medical advisors, the appeal affirmed the denial of the benefits. Under the abuse of discretion standard, the decision was rendered with an explanation. There is no dispute that the plan construed the provisions of the plan in a way that did not conflict with the plan language and there is no dispute that the decision was based on clearly erroneous findings of fact. The record shows that reasonable grounds existed. There were no documentation to support continued disability benefits. The documentation showed that the appellant was well healed, was in good strength. There were no clinical findings that would impact his ability to function in his job. No objective testing was provided. And the restrictions that were stated were not supported by any physician. Therefore, Your Honor, we request that the district court's judgment be affirmed. Thank you. Thank you. Mr. Cook. May it please the Court. The one thing that I want to point out to the Court more specifically is that the fiscal capacity evaluation, which was filled out on their own form, showed severe restrictions, and that's at the record at page 134 through 136. And it was submitted during the date of September 21, 2006. And that fiscal capacity evaluation laid out to the administrator that this man had very severe restrictions. And if there had been something wrong with that or if they said, we need other evidence, that would have been fine. He could have gone back to his doctor, gone through whatever physical exam was necessary to give him whatever additional information they needed. They didn't ask for that. They didn't indicate that that was a problem. They simply said, sorry, that didn't change your opinion. You have to appeal. So, I again point out to you, they gave him one indication at the beginning, and when he supplied an additional medical record, they put him back on disability. In August, they said, we don't have the additional medical evidence. When he supplied the additional medical evidence, all they said to him is, you've got to take an appeal. They never told him there was something wrong with his evidence, or they didn't believe his evidence, or that he somehow has miraculously made a marvelous recovery from being a survivor of multiple back surgeries. And unfortunately, the man remained disabled, and it remains so today. I don't know what else to tell you, except that they changed the rules on him during the appeal, and they went back and gave a different reason for why he was denied than he was denied initially, and he didn't know it, and he was blindsided. Thank you. Thank you. The matter just argued is submitted for decision. That concludes the court's calendar for this morning, and the court stands adjourned. All rise.
judges: Moody, Schroeder, Rawlinson